EUGENE RYU, Bar No. 209104
Gene.Ryu@klgates.com
PAUL SUH, Bar No. 321028
Paul.Suh@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd.
8th Floor
Los Angeles, CA 90067
Telephone: 310.553.5000
Fax No.: 310.553.5001

Attorneys for Defendants,
ESOTERIX, INC. and LABORATORY
CORPORATION OF AMERICA
HOLDINGS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYAN LAL, on behalf of himself, and all others similarly situated, | Case No. |
| Plaintiffs, | **DECLARATION OF PAUL M. SUH IN SUPPORT OF DEFENDANTS ESOTERIX, INC. AND LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | |
| ESOTERIX, INC., a Delaware corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; and DOES 1 through 100, inclusive, | **[28 U.S.C. §§ 1332(a), 1441, & 1446]** |
| Defendants. | Los Angeles Superior Court Case No. 23STCV15800 (*originally filed in County of Los Angeles Superior Court on July 6, 2023*) |

### DECLARATION OF PAUL M. SUH

I, Paul M. Suh, hereby declare and state as follows:

1.    I am an associate at the law firm of K&L Gates, counsel for Defendant Esoterix, Inc. ("Esoterix") and Defendant Laboratory Corporation of America ("Labcorp") (collectively "Defendants") in the above-entitled matter.   I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.    Attached hereto as Exhibit A is a true and correct copy of Complaint served on Defendants in the matter of *Nayan Lal, v. Esoterix, Inc. and Laboratory Corporation of America et al.*, Case No. 23STCV15800 (State Court Action), served on Defendants' agent for service of process, CSC Lawyers, Inc. Services, on July 28, 2023 via personal service.

3.    Attached hereto as Exhibit B is a true and correct copy of the Summons and Complaint. Defendants received a Civil Case Cover Sheet, Alternative Dispute Resolution Package, First Amended General Order Re Mandatory Electronic Filing For Civil, Minute Order, Order Pursuant To C.C.P § 1054(a), Extending Time To Respond By 30 Days When Parties Agree To Early Organizational Meeting Stipulation, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations; Stipulation - Discovery Resolution; Stipulation - Early Organizational Meeting; Informal Discovery Conference; Stipulation and Order - Motion in Limine; Certificate of Mailing Re Initial Status Conference (ISC) Order, ISC Order; and Minute Order.

4.    Attached hereto as Exhibits C and D are a true and correct copies of the completed proof of service filed by Plaintiff in the state court action regarding how the Complaint was served via personal service on July 28, 2023, filed in the State Court Action and subsequently served upon Defendants Esoterix and Labcorp, respectively.

5.      Attached hereto as <u>Exhibit E</u> is a true and correct copy of Defendants'
Answer to Plaintiff's Complaint filed by Defendants in the State Court Action, on
August 24, 2023.

6.      As of the date of this removal, it is my understanding that no other parties
have been named or validly served in this matter. It is also my understanding that, as of
the date of this removal, no other pleadings, process, or orders have been served upon
Defendants, or filed in the State Court Action, other than those attached hereto.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under
the laws of the United States, that the foregoing is true and correct, and that this
declaration was executed on August 28, 2023, at Los Angeles, California.


/s/ Paul M. Suh
Paul M. Suh

**DECLARATION OF PAUL M. SUH IN SUPPORT OF NOTICE OF REMOVAL**

# EXHIBIT A

1  Michael Nourmand, Esq. (SBN 198439)
   James A. De Sario, Esq. (SBN 262552)
2  Ivan P. Medina, Esq. (SBN 323360)
   **THE NOURMAND LAW FIRM, APC**
3  8822 West Olympic Boulevard
   Beverly Hills, California 90211
4  Telephone (310) 553-3600
   Facsimile  (310) 553-3603
5
   Attorneys for Plaintiff,
6  NAYAN LAL, on behalf
   of himself and all others similarly situated
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11 NAYAN LAL, on behalf of himself and all     )  CASE NO.: 23STCV15800
   others similarly situated                   )
12                                             )  CLASS ACTION COMPLAINT FOR
                 Plaintiffs,                   )  DAMAGES AND RESTITUTION
13                                             )
                                               )  1.  FAILURE TO PAY OVERTIME
14         v.                                  )      WAGES;
                                               )
15                                             )  2.  FAILURE TO MINIMUM WAGE;
   ESOTERIX, INC., a Delaware corporation;     )
16 LABORATORY CORPORATION OF               )  3.  FAILURE TO PROVIDE MEAL
   AMERICA HOLDINGS, a Delaware           )      PERIODS;
17 corporation; and DOES 1 through 100,        )
   Inclusive                                   )  4.  FAILURE TO PROVIDE REST
18                                             )      PERIODS;
                 Defendants.                   )
19                                             )  5.  FAILURE TO PAY ALL WAGES
                                               )      UPON TERMINATION;
20                                             )
                                               )  6.  FAILURE TO PROVIDE
21                                             )      ACCURATE WAGE
                                               )      STATEMENTS; and
22                                             )
                                               )  7.  UNFAIR COMPETITION
23                                             )
                                               )      DEMAND FOR JURY TRIAL
24 _____              )

25 ///

26 ///

27 ///

28 ///

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/06/2023 5:03 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

1    COMES NOW plaintiff NAYAN LAL (hereinafter "Mr. Lal" and/or "Plaintiff") on behalf

2    of himself and all others similarly situated, and alleges as follows:

3                              **GENERAL ALLEGATIONS**

4                                  **INTRODUCTION**

5    1.    This is a Class Action, pursuant to California Code of Civil Procedure §382, on

6    behalf of Plaintiff and all other current and former similarly situated employees employed by or

7    formerly employed by ESOTERIX, INC. ("ESOTERIX"), LABORATORY CORPORATION OF

8    AMERICA HOLDINGS ("LABCORP") and any subsidiaries or affiliated companies, within the

9    State of California (ESOTERIX and LABCORP hereinafter collectively will be referred to as

10    "Defendants")

11    2.    For at least four (4) years prior to the filing of this action and through to the

12    present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages

13    for all time worked, including overtime wages, to Plaintiff and other California non-exempt

14    employees, as a result of requiring them to wait in line for and undergo COVID-19 temperature

15    checks prior to the start of their work shifts.

16    3.    For at least four (4) years prior to the filing of this action and continuing to the

17    present, Defendants on multiple occasions have had a pattern and practice of failing to provide

18    Plaintiff and other similarly situated employees or former employees within the State of California

19    a thirty (30) minute uninterrupted meal period for days on which the employees worked more than

20    five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on

21    which the employees worked in excess of ten (10) hours in a work day, and failing to provide

22    compensation at the regular rate of pay for such unprovided meal periods as required by California

23    wage and hour laws.

24    4.    For at least four (4) years prior to the filing of this action and continuing to the

25    present, Defendants on multiple occasions have had a pattern and practice of failing to provide

26    Plaintiff and similarly situated employees or former employees within the State of California rest

27    periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing

28    to provide compensation at the regular rate of pay for such unprovided rest periods as required by

2

**CLASS ACTION COMPLAINT**

1  California wage and hour laws.

2      5.    For at least three (3) years prior to the filing of this action and continuing through

3  the present, Defendants on multiple occasions have failed to pay Plaintiff and other similarly

4  situated employees the full amount of their wages owed to them upon termination and/or

5  resignation as required by Labor Code §§ 201 or 202.

6      6.    For at least one (1) year prior to the filing of this action and continuing through the

7  present, Defendants on multiple occasions have failed to issue Plaintiff and other similarly situated

8  employees accurate wage statements as required by Labor Code § 226.

9      7.    Plaintiff, on behalf of himself and all other similarly situated employees, brings this

10  action pursuant to, including but not limited to, California Labor Code §§200, 201, 202, 203, 226,

11  226.7, 510, 512, 1194, 1194.2, 1197 and California Code of Regulations, Title 8, §11070, seeking

12  unpaid overtime and minimum wages, premium wages for non-compliant meal and rest periods,

13  civil penalties, and reasonable attorney's fees and costs.

14      8.    Plaintiff, on behalf of himself and all other similarly situated employees, pursuant

15  to California Business & Professions Code §§17200-17208 also seeks all monies owed but

16  withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

**PARTIES**

17

18  **A.**    **Plaintiff**

19      9.    Venue as to each defendant is proper in this judicial district, pursuant to California

20  Code of Civil Procedure §395. Defendants operate and do business in California, and each

21  defendant is within the jurisdiction of this court for service of process purposes. The unlawful acts

22  alleged herein have a direct effect on Plaintiff and those similarly situated within the State of

23  California. Defendants employ numerous Class Members in the State of California.

24      10.    Plaintiff, Mr. Lal, is a resident of the State of California. At all relevant

25  times herein, he has been employed by Defendants as a non-exempt employee in California.

26  **B.**    **Defendants**

27      11.    Defendant, Esoterix, Inc., a Delaware corporation, is a healthcare company

28  that provides laboratory diagnostics within the State of California. ESOTERIX employed Plaintiff

3

CLASS ACTION COMPLAINT

1 │ and similarly situated persons within the State of California.

2 │     12.    Defendant, Laboratory Corporation of America Holdings, Delaware corporation,
3 │ is an American healthcare company that provides laboratory diagnostic information to physicians,
4 │ hospitals, and pharmaceutical companies within the State of California. LABCORP employed
5 │ Plaintiff and similarly situated persons within the State of California.

6 │     13.    Defendants have employed Plaintiff and similarly situated persons within the State
7 │ of California.  Plaintiff is informed and believes that Defendants are joint employers in that they all
8 │ employed Plaintiff and similarly situated employees at the same time and were operating as a joint
9 │ enterprise at all relevant times.

10 │     14.    The true names and capacities, whether individual, corporate, associate, or
11 │ otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to
12 │ Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure
13 │ §474.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants
14 │ designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to
15 │ herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and
16 │ capacities of the defendants designated hereinafter as DOES when such identities become known.

17 │     15.    Plaintiff is informed and believes, and based thereon alleges, that each defendant
18 │ acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint
19 │ scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are
20 │ legally attributable to the other defendants.

21 │ **FACTUAL BACKGROUND**

22 │     16.    Defendants on multiple occasions have had a pattern and practice of not
23 │ compensating Plaintiff and other similarly situated employees wages for all time worked, including
24 │ overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to
25 │ wait in line for COVID-19 temperature checks prior to the start of their shift and not compensating
26 │ them for this work time.  That is, Plaintiff and other non-exempt employees were required to wait
27 │ in line and undergo temperature checks for COVID-19 prior to the start of their shifts.  Plaintiff and
28 │ other non-exempt employees could not use this time for their own purposes. As such, Defendants

1  exercised sufficient control over Plaintiff and other non-exempt employees during these required

2  temperature checks and owes them wages for this time.

3         17.    Defendants have had a pattern and practice of on multiple occasions failing to

4  provide Plaintiff and other similarly situated employees or former employees within the State of

5  California a thirty (30) minute uninterrupted meal period for days on which the employees worked

6  more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods

7  for days on which the employees worked in excess of ten (10) hours in a work day, and on multiple

8  occasions failing to provide compensation at the regular rate of pay for such unprovided meal

9  periods.

10        18.    Defendants have had a pattern and practice of on multiple occasions failing to

11 provide Plaintiff and similarly situated employees or former employees within the State of

12 California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction

13 thereof and on multiple occasions failing to provide compensation at the regular rate of pay for

14 such unprovided rest periods as required by California wage and hour laws.

15        19.    Plaintiff and other similarly situated employees or former employees at all times

16 pertinent hereto were not exempt from the overtime, meal break and rest break provisions of

17 California law, and the implementing rules and regulations of the IWC California Wage Orders.

18        20.    Defendants on multiple occasions have failed to comply with Labor Code §226(a)

19 by not providing itemized wage statements accurately showing, including but not limited to, total

20 hours worked during the pay period and pay due and owing for failure to pay wages for all hours

21 worked as described herein.

22        21.    At the time Plaintiff's employment and the employment of other former employees

23 of Defendants ended, Defendants on multiple occasions willfully failed to pay all earned wages at

24 all applicable pay rates and premium wages owed for noncompliant meal and rest periods, and as

25 described herein.

26 ///

27 ///

28 ///

CLASS ACTION COMPLAINT

# CLASS ACTION ALLEGATIONS

22.  Plaintiff brings this action on behalf of himself, and all others similarly situated, as a class action pursuant to California <u>Code of Civil Procedure</u> §382.  Plaintiff seeks to represent five Classes composed of and defined as follows:

### Non-Exempt Employee Class

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Non-Exempt Employee Class").

### Meal Period Class

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 5 hours or more (collectively referred to as "Meal Period Class").

### Rest Period Class

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 4 hours or more (collectively referred to as "Rest Period Class").

### Late Pay Class

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class").

### Wage Statement Class

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

23.  Plaintiff reserves the right under California <u>Rules of Court</u> Rule 3.765(b), to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

24.  This action has been brought and may properly be maintained as a class action under the provisions of California <u>Code of Civil Procedure</u> §382 because there is a well-defined

1  community of interest in the litigation and the proposed Class is easily ascertainable.

2  **A.**    **Numerosity**

3        25.    The potential members of the Class as defined are so numerous that joinder of all

4  the members of the Class is impracticable.  While the precise number of Class Members has not

5  been determined at this time, Plaintiff is informed and believes that there are over 100 Class

6  Members employed by Defendants within the State of California.

7        26.    Accounting for employee turnover during the relevant periods necessarily increases

8  this number.  Plaintiff alleges Defendants' employment records would provide information as to the

9  number and location of all Class Members.  Joinder of all members of the proposed Class is not

10  practicable.

11  **B.**    **Commonality**

12        27.    There are questions of law and fact common to Class Members.  These common

13  questions include, but are not limited to:

14        (1)    Did Defendants violate Labor Code §1194 by not compensating Class

15              Members overtime wages?

16        (2)    Did Defendants violate Labor Code §§ 1194 and 1197 by not paying Class

17              Members minimum wages for all hours worked?

18        (3)    Did Defendants violate Labor Code § 512 by not providing Class Members

19              with meal periods?

20        (4)    Did Defendants violate Labor Code § 226.7 by not providing Class Members

21              additional wages at the regular rate of pay for missed or interrupted meal

22              periods?

23        (5)    Did Defendants violate Labor Code §226.7 by not providing Class Members

24              additional wages at the regular rate of pay for missed rest periods?

25        (6)    Did Defendants violate Labor Code §§ 201 and 202 by failing to pay Class

26              Members upon termination or resignation all wages earned?

27        (7)    Are Defendants liable to Class Members for penalty wages under Labor

28              Code § 203?

CLASS ACTION COMPLAINT

(8) Did Defendants violate <u>Labor Code</u> § 226(a) by not furnishing Class Members with accurate wage statements?

(9) Did Defendants violate the Unfair Competition Law, <u>Business and Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged herein?

(10) Are Class Members entitled to restitution of penalty wages under <u>Business and Professions Code</u> § 17203?

(11) Are Class Members entitled to attorney's fees?

(12) Are Class Members entitled to interest?

**C.    Typicality**

28.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

29.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

30.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal pattern and practice of on multiple occasions failing to pay overtime wages, failing to pay minimum wages, failing to provide meal and rest breaks or compensation in lieu thereof, failing to provide accurate itemized wage statements and failing to

CLASS ACTION COMPLAINT

1  pay all wages due upon termination and/or resignation, as described herein.

2      31.    Class action treatment will allow those similarly situated persons to litigate their
3  claims in the manner that is most efficient and economical for the parties and the judicial system.
4  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this
5  action that would preclude its maintenance as a class action.

6                          **FIRST CAUSE OF ACTION**

7                    **FAILURE TO PAY OVERTIME WAGES**

8                **(By Plaintiff and the Class Against All Defendants)**

9      32.    Plaintiff realleges and incorporates by reference all of the allegations contained in
10  the preceding paragraphs of this Complaint as though fully set forth herein.

11     33.    At all times relevant to this complaint, California Labor Code §510 was in effect
12  and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours
13  in one workday and any work in excess of forty hours in any one workweek . . . shall be
14  compensated at the rate of no less than one and one-half times the regular rate of pay for an
15  employee."  Overtime pay is computed based on the regular rate of pay.  The regular rate
16  of pay includes many different kinds of remuneration.  Under California law, the determination of
17  regular rate of pay for purposes of determining overtime pay must include the employee's
18  commissions, bonuses, or other non-hourly compensation.

19     34.    At all times herein mentioned, Plaintiff and Non-Exempt Employee Class worked
20  for Defendants during shifts that consisted of more than eight hours in a work day and/or more than
21  forty hours in a work week and, on multiple occasions, Defendants failed to pay employees
22  overtime wages as a result of requiring them to wait in line for and undergo COVID-19 temperature
23  checks prior to clocking in for the start of their work shifts.

24     35.    Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in
25  excess of eight hours per day and/or forty hours per week and without properly compensating
26  overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code
27  §1194.

28  ///

36.    As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code §3287.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (By Plaintiff and the Class Against All Defendants)

37.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38.    At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

39.    Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

40.    At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, as a result of being required to wait in line and undergo temperature checks prior to the start of their workshifts.

41.    Defendants' failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of Labor Code §1197 and applicable Wage Orders. As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

42.    Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(By Plaintiff and the Class Against All Defendants)**

43.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44.     Pursuant to <u>Labor Code</u> §512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Plaintiff and other members of the Meal Period Class were on multiple occasions were not provided with requisite meal periods as contemplated under the law since employees would be prevented and discouraged by workplace interruptions which caused missed, short and late meal periods.

45.     Pursuant to <u>Labor Code</u> §226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

46.     By their failure on multiple occasions to provide Plaintiff and members of the Meal Period Class with the meal periods contemplated by California law, and failing to provide compensation for such unprovided meal periods at the regular rate of pay, as alleged above, Defendants willfully violated the provisions of <u>Labor Code</u> §512 and applicable Wage Orders.

47.     As a result of Defendants' unlawful conduct Plaintiffs and the other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid premium wages at the regular rate of pay, owed for missed meal periods.

48.     Plaintiff and the other members of the Meal Period Class are entitled to recover the full amount of their unpaid additional premium pay for missed meal periods. Pursuant to <u>Code of Civil Procedure</u> §1021.5, Plaintiff and the other members of the Meal Period Class are entitled to

11

CLASS ACTION COMPLAINT

1  recover reasonable attorney's fees and costs of suit.

2      49.      Pursuant to <u>Civil Code</u> § 3287(a), Plaintiff and other members of the Meal Period

3  Class are entitled to recover prejudgment interest on the additional premium pay owed for missed

4  meal periods.

5                          **FOURTH CAUSE OF ACTION**

6                    **<u>FAILURE TO PROVIDE REST PERIODS</u>**

7                  **(By Plaintiff and the Class Against All Defendants)**

8      50.      Plaintiff realleges and incorporates by reference all of the allegations contained in

9  the preceding paragraphs of this Complaint as though fully set forth herein.

10      51.      California law and applicable Wage Orders require that employers "authorize and

11  permit" employees to take paid 10 minute rest periods in about the middle of each 4-hour work

12  period "or major fraction thereof." Accordingly, employees who work shifts of 3 ½ to 6 hours must

13  be provided 10 minutes of paid rest period, employees who work shifts of more than 6 and up to 10

14  hours must be provided with 20 minutes of paid rest period, and employees who work shifts of

15  more than 10 hours must be provided 30 minutes of paid rest period. Plaintiff and other members

16  of the Rest Period Class on multiple occasions were not provided with requisite rest periods as

17  contemplated under the law.

18      52.      Pursuant to <u>Labor Code</u> §226.7, if an employer fails to provide an employee with a

19  meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

20  Commission, the employer shall pay the employee one additional hour of pay at the employee's

21  regular rate of compensation for each work day that the meal period or rest period is not provided.

22      53.      By their failure on multiple occasions to provide Plaintiff and other members of the

23  Rest Period Class with the rest periods contemplated by California law, and failing to provide

24  compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the

25  provisions of <u>Labor Code</u> §226.7 and applicable Wage Orders.

26      54.      As a result of Defendants' unlawful conduct Plaintiff and the other members of the

27  Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not

28  paid additional premium pay, at the regular rate of pay, owed for missed rest periods.

55.    Plaintiff and the other members of the Rest Period Class are entitled to recover the full amount of their unpaid additional premium pay for missed rest periods.  Pursuant to Code of Civil Procedure §1021.5, Plaintiff and the other members of the Rest Period Class are entitled to recover reasonable attorney's fees and costs of suit.

56.    Pursuant to Civil Code § 3287(a), Plaintiff and other members of the Rest Period Class are entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES UPON TERMINATION**

**(By Plaintiff and the Class Against All Defendants)**

57.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

58.    At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

59.    Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

60.    Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202.  Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants on multiple occasions had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for earned wages, as described herein.

61.    Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages

13

**CLASS ACTION COMPLAINT**

1  earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful.  Defendants

2  had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the

3  time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted

4  policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

5       62.    Pursuant to Labor Code §§ 201 and 202 Plaintiff and other members of the Late

6  Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

7       63.    Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class

8  are entitled to penalty wages from the date their earned and unpaid wages were due, upon

9  termination, until paid, up to a maximum of 30 days.

10      64.    As a result of Defendants' unlawful conduct Plaintiff and other members of the

11  Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not

12  paid for all wages earned prior to termination.

13      65.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the

14  Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not

15  paid all penalty wages owed under Labor Code § 203.

16      66.    Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the

17  Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under

18  Labor Code § 203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code § 218.6 or

19  Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover

20  prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

21                          **SIXTH CAUSE OF ACTION**

22          **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

23              **(By Plaintiff and the Class Against All Defendants)**

24      67.    Plaintiff realleges and incorporates by reference all of the allegations contained in

25  the preceding paragraphs of this Complaint as though fully set forth herein.

26      68.    At all relevant times, Plaintiff and the other members of the Wage Statement Class

27  were employees of Defendants covered by Labor Code § 226.

28      69.    Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage

14

CLASS ACTION COMPLAINT

1  Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an
2  accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly
3  rates in effect during the pay period and the corresponding number of hours worked at each hourly
4  rate by the employee and premium pay for meal and rest period violations.

5       70.    Defendants failed to provide Plaintiff and the other members of the Wage
6  Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

7       71.    Plaintiff and the other members of the Wage Statement Class are informed and
8  believe and thereon allege that at all relevant times, Defendants maintained and continue to
9  maintain a policy and practice of issuing wage statements that do not show, including but not
10 limited to, all hours worked and all earned wages and pay due for all hours worked at applicable
11 rates of pay and premiums for meal and rest period violations.  Defendants' practices resulted and
12 continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class
13 that do not comply with the itemization requirements.

14      72.    Defendants' failure to provide Plaintiff and other members of the Wage Statement
15 Class with accurate Wage Statements was knowing and intentional.  Defendants had the ability to
16 provide Plaintiff and the other members of the Wage Statement Class with accurate Wage
17 Statements, but intentionally provided wage statements that Defendants knew were not accurate.

18      73.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the
19 Wage Statement Class have suffered injury.  The absence of accurate information on their wage
20 statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery
21 and mathematical computations to determine the amount of wages owed, causes difficulty and
22 expense in attempting to reconstruct time and pay records, and led to submission of inaccurate
23 information about wages and amounts deducted from wages to state and federal government
24 agencies.

25      74.    Pursuant to Labor Code § 226(e), Plaintiff and other members of the Wage
26 Statement Class are entitled to recover $50 for the initial pay period during the period in which
27 violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a
28 subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

CLASS ACTION COMPLAINT

75.    Pursuant to <u>Labor Code</u> § 226(e) and § 226(g), Plaintiff and the other members of the Wage Statement Class were entitled to recover the full amount of penalties due under <u>Labor Code</u> § 226(e) reasonable attorney's fees and costs of suit.

## SEVENTH CAUSE OF ACTION

## <u>UNFAIR COMPETITION</u>

### (By Plaintiff and Class Members Against All Defendants)

76.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

77.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of <u>Business & Professions Code</u> § 17200. Due to their unlawful business practices in violation of the <u>Labor Code</u>, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the <u>Labor Code</u>.

78.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff and similarly situated Class Members have been deprived from not being compensated overtime wages, from not being compensated minimum wages, and from not being provided with meal and rest breaks or compensation in lieu thereof, as described herein.

79.    Pursuant to <u>Business & Professions Code</u> § 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the <u>Labor Code</u>, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves. Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the <u>Labor Code</u>.

80.    Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of <u>Civil Procedure</u> § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///

CLASS ACTION COMPLAINT

**<u>PRAYER</u>**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for
judgment against Defendants as follows:

A.   An order certifying that Plaintiff may pursue his claims against Defendants as a
class action on behalf of the Class Members;

B.   An order appointing Plaintiff as Class representative and appointing Plaintiff's
counsel as class counsel;

C.   Penalties for inaccurate wage statements under <u>Labor Code</u> §226(e);

D.   Damages for unpaid wages under <u>Labor Code</u> §§201 or 202;

E.   Damages for unpaid penalty wages under <u>Labor Code</u> §203;

F.   Damages for unpaid wages for missed meal periods under <u>Labor Code</u> §226.7;

G.   Damages for unpaid wages for missed rest periods under <u>Labor Code</u> §226.7;

H.   Damages for minimum wages;

I.   Damages for premium wages;

J.   Liquidated damages for unpaid minimum wages;

K.   Damages for unpaid overtime wages under <u>Labor Code</u> §1194;

L.   Restitution under <u>Business and Professions Code</u> §17203;

M.   Pre-judgment interest;

N.   Costs;

O.   Reasonable attorney's fees; and

P.   Such other and further relief as the Court deems just and proper

DATED: July 6, 2023                    THE NOURMAND LAW FIRM, APC

                                       By: _____
                                           Michael Nourmand, Esq.
                                           James A. De Sario, Esq.
                                           Ivan P. Medina, Esq.
                                           Attorneys for Plaintiff

17

CLASS ACTION COMPLAINT

# EXHIBIT B



**null / ALL**
**Transmittal Number: 27369048**
**Date Processed: 07/31/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kristina Cates<br>Laboratory Corporation of America Holdings<br>531 S Spring St<br>Burlington, NC 27215-5866 |
| **Electronic copy provided to:** | Mary Beth Maines<br>Heather Long<br>Anetta Outlaw |

| | |
|---|---|
| **Entity:** | Esoterix, Inc.<br>Entity ID Number  1627102 |
| **Entity Served:** | Esoterix, Inc. |
| **Title of Action:** | Nayan Lal vs. Esoterix, Inc. |
| **Matter Name/ID:** | Nayan Lal vs. Esoterix, Inc. (14396478) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 23STCV15800 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/28/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Nourmand Law Firm, Apc<br>310-553-3600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** ESOTERIX, INC., a Delaware corporation;
*(AVISO AL DEMANDADO):* LABORATORY CORPORATION OF
AMERICA HOLDINGS, a Delaware corporation; and DOES 1
through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** NAYAN LAL, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* himself and all others
similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/06/2023 5:03 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV15800 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael Nourmand, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard, Beverly Hills, California 90211                                         (310) 553-3600

DATE:                                         Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Fecha)* 07/06/2023                          *(Secretario)*                 J. Nunez                 *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ESOTERIX, INC., A DELAWARE CORPORATION

   under: ☒ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| [SEAL] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | | |

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING   )
FOR CIVIL                       )
                                )
                                )
                                )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

  i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

  ii) Bonds/Undertaking documents;

  iii) Trial and Evidentiary Hearing Exhibits

  iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

  v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10     DATED: May 3, 2019        _Kevin C. Brazile_

11                              KEVIN C. BRAZILE

12                              Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# FILED
LOS ANGELES SUPERIOR COURT

3

MAY 1 1 2011

4
5

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

6

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

## FOR THE COUNTY OF LOS ANGELES

9

| | |
|---|---|
| General Order Re | )    ORDER PURSUANT TO CCP 1054(a), |
| Use of Voluntary Efficient Litigation | )    EXTENDING TIME TO RESPOND BY |
| Stipulations | )    30 DAYS WHEN PARTIES AGREE |
| | )    TO EARLY ORGANIZATIONAL |
| | )    MEETING STIPULATION |
| | ) |

10
11
12
13

14
15
16
17
18

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

19
20
21
22
23
24
25
26
27
28

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage

2   cooperation among the parties at an early stage in litigation in order to achieve

3   litigation efficiencies;

4   Whereas it is intended that use of the Early Organizational Meeting Stipulation

5   will promote economic case resolution and judicial efficiency;

6   

7   Whereas, in order to promote a meaningful discussion of pleading issues at the

8   Early Organizational Meeting and potentially to reduce the need for motions to

9   challenge the pleadings, it is necessary to allow additional time to conduct the Early

10   Organizational Meeting before the time to respond to a complaint or cross complaint

11   has expired;

12   

13   Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in

14   which an action is pending to extend for not more than 30 days the time to respond to

15   a pleading "upon good cause shown";

16   Now, therefore, this Court hereby finds that there is good cause to extend for 30

17   

18   days the time to respond to a complaint or to a cross complaint in any action in which

19   the parties have entered into the Early Organizational Meeting Stipulation.  This finding

20   of good cause is based on the anticipated judicial efficiency and benefits of economic

21   case resolution that the Early Organizational Meeting Stipulation is intended to

22   promote.

23   

24   IT IS HEREBY ORDERED that, in any case in which the parties have entered

25   into an Early Organizational Meeting Stipulation, the time for a defending party to

26   respond to a complaint or cross complaint shall be extended by the 30 days permitted

27   

28   

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.
    
    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145


**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◆

◇ **Los Angeles County Bar Association Labor and Employment Law Section**◇

◆**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◇**California Employment Lawyers Association**◇

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)                            ➢ _____
                                                                            (ATTORNEY FOR PLAINTIFF)
Date:

_____
(TYPE OR PRINT NAME)                            ➢ _____
                                                                            (ATTORNEY FOR DEFENDANT)
Date:

_____
(TYPE OR PRINT NAME)                            ➢ _____
                                                                            (ATTORNEY FOR DEFENDANT)
Date:

_____
(TYPE OR PRINT NAME)                            ➢ _____
                                                                            (ATTORNEY FOR DEFENDANT)
Date:

_____
(TYPE OR PRINT NAME)                            ➢ _____
                                                                            (ATTORNEY FOR _____ )
Date:

_____
(TYPE OR PRINT NAME)                            ➢ _____
                                                                            (ATTORNEY FOR _____ )
Date:

_____
(TYPE OR PRINT NAME)                            ➢ _____
                                                                            (ATTORNEY FOR _____ )

Print    Save                                                                                      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):    FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii. Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i. Also be filed on the approved form (copy attached);

       ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

| Print | | Save | | | Clear |
|---|---|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]  [ Save ]  [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____       ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____       ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____       ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____       ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____       ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____       ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____       ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:  _____        _____
                                                                      JUDICIAL OFFICER

[ Print ]        [ Save ]                                              [ Clear ]

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Nourmand, Esq.; Ivan P. Medina, Esq.   SBN: 198439; 323360<br>THE NOURMAND LAW FIRM, APC<br>8822 West Olympic Boulevard, Beverly Hills, California 90211<br>TELEPHONE NO.:(310) 553-3600   FAX NO. *(Optional):* (310) 553-3603<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiff, Nayan Lal | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/06/2023 5:03 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Nayan Lal, et al. v. Esoterix, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV15800 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:7
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 6, 2023
Ivan P. Medina, Esq.

▶ _____

_____ | _____
(TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**23STCV15800**                                                              July 27, 2023
**NAYAN LAL vs ESOTERIX, INC., et al.**                                        10:42 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: R. Aspiras                  ERM: None
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Initial Status Conference Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 11/09/2023 at 02:30 PM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**23STCV15800**                                                                July 27, 2023
**NAYAN LAL vs ESOTERIX, INC., et al.**                                          10:42 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: R. Aspiras                  ERM: None
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**23STCV15800**                                                                July 27, 2023
**NAYAN LAL vs ESOTERIX, INC., et al.**                                         10:42 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: R. Aspiras                  ERM: None
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

**FILED**
Superior Court of California
County of Los Angeles

07/25/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
R. Aspiras

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| NAYAN LAL | ) Case No. 23STCV15800 |
| Plaintiff, | ) INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS) |
| v. | ) Case Assigned for All Purposes to Judge William F. Highberger |
| ESOTERIX, INC., et al. | ) |
| Defendant. | ) Department: SS10 Date: 11/09/2023 Time: 2:30 PM |

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith.  That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order.  Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions.  Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of

interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

**6.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**7.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**8.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,

- Early motions in limine,

- Early motions about particular jury instructions and verdict forms,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**10. CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,   summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ◼ The next status conference,

- ◼ A schedule for alternative dispute resolution, if it is relevant,

- ◼ A filing deadline for the motion for class certification, and

- ◼ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration,

---

[1] See California Rule of Court, Rule 3.768.

direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18. NOTICE OF THE ISC ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

Dated: 07/27/2023

William F. Highberger / Judge
William F. Highberger
Judge of the Los Angeles Superior Court

---

[2] California Rule of Court, Rule 3.770(a)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/27/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ R. Aspiras _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Nayan Lal | |
| DEFENDANT/RESPONDENT:<br>Esoterix, Inc., et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV15800 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Initial Status Conference Order) of 07/27/2023, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

James A. De Sario
The Nourmand Law Firm, APC
8822 West Olympic Boulevard
Beverly Hills, CA 90211

Ivan P. Medina
The Nourmand Law Firm, APC
8822 West Olympic Boulevard
Beverly Hills, CA 90211

Michael Nourmand
The Nourmand Law Firm, APC
8822 West Olympic Boulevard
Beverly Hills, CA 90211

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/27/2023

By:  R. Aspiras
     Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 10

**23STCV15800**
**NAYAN LAL vs ESOTERIX, INC., et al.**

July 27, 2023
10:42 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: R. Aspiras                          ERM: None
Courtroom Assistant: R. Sanchez                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Initial Status Conference Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 11/09/2023 at 02:30 PM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**23STCV15800**                                                                July 27, 2023
**NAYAN LAL vs ESOTERIX, INC., et al.**                                          10:42 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: R. Aspiras                  ERM: None
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**23STCV15800**                                                                July 27, 2023
**NAYAN LAL vs ESOTERIX, INC., et al.**                                          10:42 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: R. Aspiras                  ERM: None
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

# EXHIBIT C

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James De Sario, Esq.<br>The Nourmand Law Firm, APC<br>8822 West Olympic Boulevard  Beverly Hills, CA 90211 | |

TELEPHONE NO.: (310) 553-3600 | FAX NO. (310) 553-3603 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**8/16/2023 4:11 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By K. Martinez, Deputy Clerk**

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 312 NORTH SPRING STREET

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: SPRING STREET

PLAINTIFF: Nayan Lal, on behalf of himself and all others similarly situated

DEFENDANT: Esoterix, Inc., a Delaware corporation; Laboratory Corporation of America Holdings, a Delaware corporation; and DOES 1 through 100

CASE NUMBER:
23STCV15800

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:  Nayan Lal |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☐ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents):* See attached Document List
3. a. Party served *(specify name of party as shown on documents served):*

   **Esoterix, Inc., a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Trudy Desbiens, Authorized to Accept Service of Process for CSC Lawyers, Inc. - Agent for Service of Process**
   Age: 45yrs Race: Hisp Sex: Female Height: 5'4 Weight: 110lbs Hair: black Eyes:

4. Address where the party was served: **2710 GATEWAY OAKS DRIVE,  # 150N**
   **SACRAMENTO, CA 95833**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/28/2023  (2) at *(time):* 2:49 PM

   b. ☐ **by substituted service.** On *(date):* at  *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.
   - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER: Nayan Lal, on behalf of himself and all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: Esoterix, Inc., a Delaware corporation; Laboratory Corporation of America Holdings, a Delaware corporation; and DOES 1 through 100, Inclusive | 23STCV15800 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **Esoterix, Inc., a Delaware corporation**
    under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                               ☐ other:

7. **Person who served papers**

  a. Name: **Katrina Williams - All-N-One Legal Support, Inc.**

  b. Address: **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**

  c. Telephone number: **(213) 202-3990**

  d. **The fee** for service was: **$ 51.50**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
      (i) ☐ owner   ☐ employee   ☑ independent contractor.
      (ii) Registration No.: **2015-10**
      (iii) County: **Sacramento**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **7/28/2023**

    **All-N-One Legal Support, Inc.**
    **1541 Wilshire Blvd, Suite 405**
    **Los Angeles, CA 90017**
    **(213) 202-3990**
    **www.allnonelegal.com**

        **Katrina Williams**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

POS-010 [Rev January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**         Page 2 of 2
                                             POS-010/810070

Continued from Proof of Service

**FIRM:**  The Nourmand Law Firm, APC

**DATE:**  July 28, 2023

**CASE NAME:**  Nayan Lal, on behalf of himself and all others similarly situated VS Esoterix, Inc., a Delaware corporation; Laboratory Corporation of America Holdings, a Delaware corporation; and DOES 1 through 100, Inclusive

**SUBJECT:**  Esoterix, Inc., a Delaware corporation

Class Action Complaint; Civil Case Cover Sheet; First Amended General Order Re Mandatory Electronic Filing For Civil; Order Pursuant To CCP 1054(a), Extending Time To Respond By 30 Days When Parties Agree To Early Organizational Meeting Stipulation; Notice of Case Assignment - Unlimited Civil Case; Voluntary Efficient Litigation Stipulations; Stipulation - Discovery Resolution; Stipulation - Early Organizational Meeting; Informal Discovery Conference; Stipulation and Order - Motions in Limine

# EXHIBIT D

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
James De Sario, Esq.
The Nourmand Law Firm, APC
8822 West Olympic Boulevard   Beverly Hills, CA 90211

TELEPHONE NO.: (310) 553-3600 | FAX NO. (310) 553-3603 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/16/2023 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Martinez, Deputy Clerk

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 312 NORTH SPRING STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: SPRING STREET

PLAINTIFF: Nayan Lal, on behalf of himself and all others similarly situated

DEFENDANT: Esoterix, Inc., a Delaware corporation; Laboratory Corporation of America Holdings, a Delaware corporation; and DOES 1 through 100

CASE NUMBER:
23STCV15800

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
Nayan Lal

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☐ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*:  See attached Document List

3. a. Party served *(specify name of party as shown on documents served)*:
   **Laboratory Corporation of America Holdings, a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Trudy Desbiens, Authorized to Accept Service of Process for CSC Lawyers, Inc.  - Agent for Service of Process**
   Age: 45yrs Race: Hisp Sex: Female Height: 5'4 Weight: 110lbs Hair: black Eyes:

4. Address where the party was served:  **2710 GATEWAY OAKS DRIVE,  # 150N
   SACRAMENTO, CA 95833**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 7/28/2023    (2) at *(time)*: 2:49 PM

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/810072

| | |
|---|---|
| PETITIONER: Nayan Lal, on behalf of himself and all others similarly situated | CASE NUMBER: **23STCV15800** |
| RESPONDENT: Esoterix, Inc., a Delaware corporation; Laboratory Corporation of America Holdings, a Delaware corporation; and DOES 1 through 100, inclusive | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **Laboratory Corporation of America Holdings, a Delaware corporation**
     under the following Code of Civil Procedure section:

     ☑ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                   ☐ other:

7. **Person who served papers**

  a. Name: **Katrina Williams - All-N-One Legal Support, Inc.**

  b. Address: **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**

  c. Telephone number: **(213) 202-3990**

  d. The **fee** for service was: **$ 93.50**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☑ independent contractor.
      (ii) Registration No.: **2015-10**
      (iii) County: **Sacramento**

8. ☑ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: **7/28/2023**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

_____
**Katrina Williams**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

Continued from Proof of Service

**FIRM:**   The Nourmand Law Firm, APC

**DATE:**   July 28, 2023

**CASE NAME:**   Nayan Lal, on behalf of himself and all others similarly situated VS Esoterix, Inc., a Delaware corporation; Laboratory Corporation of America Holdings, a Delaware corporation; and DOES 1 through 100, Inclusive

**SUBJECT:**   Laboratory Corporation of America Holdings, a Delaware corporation

Class Action Complaint; Civil Case Cover Sheet; First Amended General Order Re Mandatory Electronic Filing For Civil; Order Pursuant To CCP 1054(a), Extending Time To Respond By 30 Days When Parties Agree To Early Organizational Meeting Stipulation; Notice of Case Assignment - Unlimited Civil Case; Voluntary Efficient Litigation Stipulations; Stipulation - Discovery Resolution; Stipulation - Early Organizational Meeting; Informal Discovery Conference; Stipulation and Order - Motions in Limine

**EXHIBIT E**

1     EUGENE RYU, Bar No. 209104
      Gene.Ryu@klgates.com
2     PAUL SUH, Bar No. 321028
      Paul.Suh@klgates.com
3     K&L GATES LLP
      10100 Santa Monica Blvd.
4     8th Floor
      Los Angeles, CA  90067
5     Telephone:   310.553.5000
      Fax No.:     310.553.5001
6
7     Attorneys for Defendants,
      ESOTERIX, INC. AND LABORATORY
      CORPORATION OF AMERICA HOLDINGS

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/24/2023 1:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| NAYAN LAL, on behalf of himself, and all others similarly situated, | Case No.  23STCV15800 |
|            Plaintiffs, | **DEFENDANTS ESOTERIX, INC. AND LABORATORY CORPORATION OF AMERICA HOLDINGS' ANSWER TO PLAINTIFF NAYAN LAL'S CLASS ACTION COMPLAINT** |
|       v. | |
| ESOTERIX, INC., a Delaware corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; and DOES 1 through 100, inclusive, | Trial Date:  None Set<br>Complaint Filed:  July 6, 2023 |
|         Defendants. | |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants ESOTERIX, INC. and LABORATORY CORPORATION OF AMERICA HOLDINGS (collectively, the "Defendants"), hereby answer Plaintiff NAYAN LAL'S ("Plaintiff") Class Action Complaint ("Complaint") as follows:

## GENERAL DENIAL

Defendants generally deny each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff is entitled to equitable or injunctive relief, compensatory damages, economic and/or special damages, unpaid wages, penalties, restitution, interest, attorneys' fees, costs of suit, or any other relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Defendants further assert the following affirmative defenses. By asserting these defenses, Defendants do not concede that they have the burden of production or proof as to any affirmative defense asserted below. Moreover, Defendants do not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendants will seek leave to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (NO EMPLOYER-EMPLOYEE RELATIONSHIP)

1.      Defendants allege that the Complaint, and each and every alleged cause of action therein, fails as to Defendant Laboratory Corporation Of America Holdings because it did not employ Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

2.      Defendants allege that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (NO KNOWLEDGE, AUTHORIZATION, OR RATIFICATION)

3.      Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so

2.

without the knowledge, authorization, or ratification of Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

4.    Defendants are informed and believes that further investigation and discovery will reveal, and on that basis allege, that the Complaint and the purported causes of action therein are barred by the equitable doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

5.    Defendants allege that any recovery of Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the alleged putative class members, by reason of their acts, conduct, and/or omissions, have waived or released their rights, if any, to obtain the relief sought in the Complaint, including, *inter alia*, by contract and/or were provided and/or authorized and permitted to take meal and/or rest breaks but declined to take breaks.

**SIXTH AFFIRMATIVE DEFENSE**

**(STATUTES OF LIMITATION)**

6.    Plaintiff is barred from seeking relief under each and every cause of action asserted in the Complaint to the extent such causes of action are based on acts or event which occurred outside the applicable statutes of limitation, including, but not limited to, those set forth in the California Labor Code, Code of Civil Procedure, Civil Code, and Business & Professions Act.

**SEVENTH AFFIRMATIVE DEFENSE**

**(SETTLEMENT/RELEASE)**

7.    The Complaint, and each and every cause of action therein, are barred to the extent that Plaintiff and/or the putative class members have voluntarily settled and/or released all or one or more of the purported causes of action set forth in the Complaint; and Plaintiff and/or the putative class members are, under the terms of such settlements and/or releases, barred from pursuing all or one or more of such purported causes of action.

/ / /

/ / /

3.

**EIGHTH AFFIRMATIVE DEFENSE**

**(LABOR CODE AND IWC ORDERS UNCONSTITUTIONALLY VAGUE)**

8.       Defendants allege that the Complaint and each cause of action therein, or some of them, are barred because the applicable Labor Code sections and/or wage order(s) of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**NINTH AFFIRMATIVE DEFENSE**

**(EQUITABLE DEFENSES)**

9.       Plaintiff's and/or the putative class members' claims are barred by the equitable defenses of laches, unclean hands and/or consent.

**TENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO USE ORDINARY CARE)**

10.      Plaintiff's and/or putative class members' individual claims are barred by California Labor Code §§ 2854 and 2856 in that Plaintiff and/or the putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(FULL PERFORMANCE)**

11.      Without admitting the existence of any duties or obligations as alleged in the Complaint, any such duties or obligations which were owed to Plaintiff and/or the putative class members have been fully performed, satisfied or discharged by, inter alia, paying all wages owed, providing meal and rest breaks, providing accurate itemized wage statements, and timely paying for time worked.

**TWELFTH AFFIRMATIVE DEFENSE**

**(*DE MINIMUS*)**

12.      Plaintiff and/or the putative class members are barred, in whole or in part due to the *de minimis* doctrine, and any alleged unpaid work was minute and/or irregular.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(GOOD FAITH AND LACK OF WILLFULNESS)**

13.      Defendants are informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendants had reasonable grounds for believing that its practices complied with applicable laws and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or the putative class members are not entitled to any damages, including but not limited to any allegations of failure to timely pay terminating employees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(*BONA FIDE* DISPUTE)**

14.      Defendants allege that any claims for damages or penalties, including, but not limited to penalties predicated on Labor Code sections 201-204, are barred, in whole or in part, because (1) there are bona fide good faith disputes as to whether further compensation is due to Plaintiff and/or to the putative class members Plaintiff seeks to represent, and if so, as to the amount of such further compensation, (2) Defendants have not willfully or intentionally failed to pay such compensation, if any is owed, (3) the meal and rest period premiums sought do not constitute wages; and/or (4) to impose penalties in this case would be inequitable and unjust.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION - STANDING)**

15.      Defendants allege the claims fail to the extent that Plaintiff lacks standing to assert the legal rights or interests of others.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(OFFSET)**

16.      Defendants allege that it is entitled to an offset against any relief due to Plaintiff and/or the putative class members that Plaintiff seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendants. Without limiting Defendants' reliance on this defense and by way of example, Defendants contend that it is entitled to an offset or credit for any overpayments

5.

made to Plaintiff and/or any putative class members, or for any other monies owed to Defendants. Defendants further assert that it is entitled to an offset or credit for any monies owed by and/or any putative class members that resulted from their failure to perform their obligations or for overpayment for hours worked, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (NO KNOWING/INTENTIONAL/WILLFUL VIOLATION)

17.    Without admitting that any violation took place, Defendants allege that any alleged failure to provide Plaintiff and/or any of the putative class members with wage statements in conformity with Labor Code section 226(a), to maintain records pursuant to Labor Code section 1174, to pay Plaintiff, timely and properly, or any other alleged violation of the California Labor Code, was not knowing, intentional or willful and was not brought to the attention of management, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (LABOR CODE § 226 – NO INJURY)

18.    Defendants allege that Plaintiff and/or any of the putative class members sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a), from the alleged failure to maintain records pursuant to Labor Code section 1174 or from any other alleged violation of the California Labor Code.

## NINETEENTH AFFIRMATIVE DEFENSE

### (SUBSTANTIAL COMPLIANCE)

19.    Defendants allege that Plaintiff's claim for damages or penalties fail because, to the extent – which Defendants deny – that it did not fully comply with the requirements of any particular California Labor Code provision, Defendants have substantially complied with the requirements of such statute such that the imposition of damages or penalties would be improper.

## TWENTIETH AFFIRMATIVE DEFENSE

### (MEAL AND REST PERIODS – WAIVER)

20.    Plaintiff's and/or the putative class members' claims are barred, in whole or in part, because Defendants provided Plaintiff and/or the putative class members with meal and rest periods, and any failure by Plaintiff and/or the putative class members to take meal and/or rest breaks

6.

constituted a waiver by Plaintiff and/or the putative class members/alleged aggrieved employees, including for any meal break during shifts six hours or less or for shifts of 12 hours or less where the first meal break was taken.  This waiver includes Plaintiff's and/or putative class members' intentional decisions not to take a provided meal or rest period, and/or to the extent that the failure to take meal and/or rest breaks was the result of a failure by Plaintiff and/or the putative class members to follow Defendants' reasonable instructions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## (ACCORD AND SATISFACTION)

21.    Defendants allege that the Complaint and cause of action asserted therein, in whole or in part, fails to the extent Plaintiff and/or any putative class members have been fully paid all amounts legally owed to them by Defendants, since by accepting the payments made to them, Plaintiff and/or the putative class members have effectuated an accord and satisfaction of their claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## (WAGE STATEMENTS – NOT KNOWING OR INTENTIONAL)

22.    Any claims for penalties pursuant to California Labor Code section 226 are barred, in whole or in part, because Plaintiff and/or the putative class members were not "injured" thereby and/or because Defendants alleged failure to comply was not a "knowing and intentional failure" under California Labor Code section 226(e).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## (AVOIDING AND/OR SECRETING)

23.    Defendants allege that the Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff and/or some, or all, of the putative class members secreted or absented themselves or the work purportedly performed without notice to Defendants, to avoid payment of wages, thereby relieving Defendants of liability for damages or penalties under the California Labor Code.

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(BUS. & PROF. CODE SECTION 17200 – UNCONSTITUTIONALLY VAGUE AND OVERBROAD)**

24.     Defendants allege that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, et seq., is unconstitutionally vague and overbroad and, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural. Representative litigation would also violate Defendants' right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendants from raising individual defenses against each putative class member.  The violation is both procedural, by imposing a procedure that would render it impossible for Defendants to defend their interests and property, and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(BUS. & PROF. CODE SECTION 17200 – COMPLIANCE WITH OBLIGATIONS)**

25.     Defendants allege that Plaintiff's claims are barred, in whole or in part, because of Defendants' compliance with all applicable laws, statutes and regulations, with said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code section 17200, *et seq*.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(BUS. & PROF. CODE SECTION 17200 –EQUITABLE RELIEF UNAVAILABLE)**

26.     Defendants allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to equitable relief as they have an adequate remedy at law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(PENALTIES UNCONSTITUTIONAL)**

27.     To the extent Plaintiff and/or the putative class members seek penalties, such claims violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and also violate

8.

Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines. *See State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408 (2003).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (COLLATERAL ESTOPPEL AND RES JUDICATA)

28.     The Complaint, and each and every cause of action therein, are barred by the doctrines of res judicata and collateral estoppel as to Plaintiff and/or putative class members.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (NO WILLFULNESS – FAILURE TO PAY WAGES UPON TERMINATION)

29.     Defendants allege that it properly paid all wages due and owing to Plaintiff and/or the putative class members during employment and to the extent applicable after employment, and, to the extent such wages were due but unpaid (which Defendants deny).  Defendants' failure to pay was not "willful."

### THIRTIETH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

30.     Defendants allege that Plaintiff and the putative class members have failed to mitigate or avoid any and all damages allegedly caused by Defendants, the existence of which Defendants denies.  Any damages that may be recoverable by Plaintiff and/or the putative class members should therefore be denied or reduced accordingly.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (UNJUST ENRICHMENT)

31.     Defendants are informed and believes that further investigation and discovery will reveal, and on that basis alleged, that the Complaint and the purported causes of action therein are barred on the grounds of unjust enrichment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (AVOIDABLE CONSEQUENCES)

32.     Defendants allege that Plaintiff and any putative class members are barred from recovering any penalties, or any penalties must be reduced, pursuant to the avoidable consequences doctrine and/or the discretion of the Court because Defendants took reasonable steps to ensure Plaintiff

9.

and any putative class members were properly compensated for all time worked including good faith compliance with California law, and Plaintiff and the putative class unreasonably failed to use preventative and corrective opportunities provided to them to clear up any purported misunderstanding of their wage statements, and reasonable use of such procedures would have prevented at least some, if not all, of the harm allegedly suffered.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (NOT "HOURS WORKED")

33.     Defendants are informed and believes that further investigation and discovery will reveal, and on that basis allege that some or all of certain alleged work hours are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law, so that any claimed compensation, including overtime premium, need not be paid for those hours.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (OUTSIDE SCOPE OF EMPLOYMENT)

34.     Defendants allege that the Complaint and the causes of action set forth therein cannot be maintained against Defendants, because, if employees of Defendants (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants and Defendants did not know of nor should they have known of such conduct.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (WAITING TIME PENALTIES)

35.     Plaintiff's claims pursuant to or related to California Labor Code section 203 are barred, in whole or in part, because: (a) Defendants have not willfully failed to pay such additional compensation, if any is owed; (b) a good faith dispute exists as to whether wages are owed; (c) Plaintiff secreted or absented himself; (d) the compensation/premiums sought do not constitute wages; and/or (e) to impose penalties in this case would be inequitable and unjust.

/ / /

/ / /

10.

1    **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

2    **(NO LIABILITY FOR HOURS THAT ARE NOT WORKING TIME)**

3        36.    The Complaint, and each and every cause of action alleged therein, is barred to the

4    extent that the hours for which Plaintiff claims compensation are not working time under California

5    state law, including the applicable California Industrial Welfare Commission Wage Orders.

6    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

7    **(NO OVERTIME)**

8        37.    The Complaint, and each and every cause of action alleged therein, is barred on the

9    ground that to the extent Plaintiff worked any overtime, such work was not authorized by Defendants

10    and performed without Defendants' knowledge.

11    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

12    **(NO PRIVATE RIGHT OF ACTION)**

13        38.    Plaintiff's claims are barred to the extent some of all of them lack a private right of

14    action, including but not limited to claims under Labor Code sections 558, 1197, and 1197.1.

15    **THIRTY-NINTH AFFIRMATIVE DEFENSE**

16    **(No Attorneys' Fees)**

17        39.    Plaintiff's Complaint, and each cause of action alleged therein fails in whole or in part,

18    to state a claim for which attorneys' fees and costs may be granted.

19    **FORTIETH AFFIRMATIVE DEFENSE**

20    **(Unstated Affirmative Defenses)**

21        40.    Defendants allege that it may have additional, as yet unstated, defenses available.

22    Defendants have not completed their investigation of the facts of this case, have not completed

23    discovery in this matter, and have not completed its preparation for trial. The affirmative defenses

24    asserted herein are based on Defendants' knowledge, information and belief at this time, and

25    Defendants specifically reserve the right to modify, amend, or supplement any affirmative defenses

26    contained herein at any time. Defendants reserve the right to assert additional defenses as information

27    is gathered through discovery and investigation. In asserting these defenses, Defendants do not allege

28    or admit that they have the burden of proof and/or persuasion with respect to any of these matters and

11.

1  does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff

2  has the burden of proof or persuasion.

3        WHEREFORE, Defendants pray that:

4          1.     Plaintiff takes nothing by his Complaint;

5          2.     The Complaint be dismissed, in its entirety, with prejudice;

6          3.     Defendants be awarded its attorneys' fees and costs of suit incurred herein;

7  and

8          4.     The Court awards Defendants such further relief as it deems just and proper.

9  Dated:     August 24, 2023

10

11  _____

12  GENE RYU
   PAUL SUH

13  K&L GATES LLC
   Attorneys for Defendants

14  ESOTERIX, INC. and LABORATORY
   CORPORATION OF AMERICA HOLDINGS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12.

## PROOF OF SERVICE

*[Nayal Lal v. Esoterix, Inc., Laboratory Corporation of America Holdings, LASC Case No. 23STCV15800]*

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **August 24, 2023**, I served the document(s) described as:

**DEFENDANTS ESOTERIX, INC. AND LABORATORY CORPORATION OF AMERICA HOLDINGS' ANSWER TO PLAINTIFF NAYAN LAL'S CLASS ACTION COMPLAINT**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Michael Nourmand                           *Attorneys for Attorneys for*
The Nourmand Law Firm, APC                 *Plaintiff Nayan Lal*
8822 West Olympic Boulevard
Beverly Hills, CA 90211
Tel: (310) 553-3600
Fax: (310) 553-3603
Emails: mnourmand@nourmandlawfirm.com
            lramirez@nourmandlawfirm.com
            jdesario@nourmandlawfirm.com
            abeltran@nourmandlawfirm.com

☒    **MAIL:** I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California, with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to (C.C.P. § 1013(a)). I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒    **BY EMAIL:** I sent copies of the document(s) to the above counsel via email at the address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 24, 2023**, at Los Angeles, California.

_____
Jonathan Randolph

1.

RECYCLED PAPER

**PROOF OF SERVICE**