UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:23-cv-07089-JLS-MRW | Date: December 06, 2023 |
| Title:  Nayan Lal v. Esoterix, Inc. et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                               Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND (Doc. 13)**

Before the Court is Plaintiff Nayan Lal's motion to remand.  (Mot., Doc. 13.)  Defendants opposed, and Plaintiff replied.  (Opp., Doc. 18; Reply, Doc. 20.)  Having taken this matter under submission and for the reasons stated below, the Court GRANTS Plaintiff's motion to remand.  The action is REMANDED to the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCV15800.

**I.      BACKGROUND**

Lal filed a putative wage-and-hour class action in California state court on behalf of himself and other current and former employees of Defendants Exoterix, Inc. and Laboratory Corporation of America Holdings (collectively, "Esoterix").  (Compl., Doc. 1-2, Ex. A. ¶ 1, 22.)  Lal asserts six wage-and-hour violations: (1) failure to pay overtime wages "as a result of requiring [employees] to wait in line for and undergo COVID-19 temperature checks prior to clocking in for the start of their work shifts"; (2) failure to pay minimum wages for the same time spent waiting in line for temperature checks; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) failure to pay wages upon termination; and (6) failure to provide accurate wage statements.  (*Id.* ¶¶ 32–75.)  Lal also realleges these wage-and-hour violations under the unlawful prong of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07089-JLS-MRW                                      Date: December 06, 2023
Title:  Nayan Lal v. Esoterix, Inc. et al

California's Unfair Competition Law.  (*Id.* ¶¶ 76–80.)  In his complaint, Lal provides no indication of the amount of time spent waiting for temperature checks.  Nor does he provide any detail regarding the frequency of the alleged meal- and rest-break violations—alleging only that Esoterix "had a pattern and practice" of depriving employees of such breaks on "multiple occasions."  (*Id.* ¶¶ 17–18, 46, 53.)

Esoterix removed, invoking this Court's jurisdiction under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. § 1332(d), 1441(a). (Notice of Removal, Doc. 1 ¶ 10.)  Arguing that the amount in controversy exceeds CAFA's $5,000,000 threshold, Esoterix makes the following assumptions regarding the frequency of the wage-and-hour violations that Plaintiff alleges:

- **Overtime and Minimum Wage (Claims 1 and 2):** 1 hour of unpaid wages per putative class member per week (*id.* ¶¶ 30–31);

- **Meal and Rest Breaks (Claims 3 and 4):** a 20% violation rate, or 1 missed meal and rest break per putative class member per week (*id.* ¶ 35);

- **Waiting-Time Penalties (Claim 5):** that all 75 of the employees whose employment with Esoterix terminated during the class period can recover the maximum penalty (*id.* ¶ 38); and

- **Itemized Pay Statement (Claim 6):** that all 308 employees who can assert this claim can recover the maximum $4,000 penalty (*id.* ¶ 42).

Employing these assumptions, Esoterix estimates that its damages exposure is about 5.4 million.  (*Id.* at 13.)  It then adds 25% of that amount on top to represent what it contends to be a reasonably estimated amount of attorneys' fees—arriving at a total estimated amount in controversy of about $6.7 million.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-07089-JLS-MRW | Date: December 06, 2023 |
| Title:  Nayan Lal v. Esoterix, Inc. et al | |

## II.     LEGAL STANDARD

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (Staton, J.); 28 U.S.C. § 1332(d).  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

"In determining the amount in controversy [under CAFA], courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).  Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Id.* (citing *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013)).  As this Court described in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)); *and see Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("[A] removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").  This is in line with the Ninth Circuit's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07089-JLS-MRW                                                          Date: December 06, 2023
Title:  Nayan Lal v. Esoterix, Inc. et al

characterization of "amount in controversy" as "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  The Ninth Circuit has also held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of [1] *real evidence* and [2] *the reality of what is at stake in the litigation*, using [3] *reasonable assumptions* underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198 (emphasis added).

### III.    DISCUSSION

Lal argues that remand is proper because Esoterix has failed to establish by a preponderance of the evidence that CAFA's amount-in-controversy requirement is satisfied here—arguing that Esoterix's "assumed violation rates are neither grounded in the reality of the case nor supported by any evidentiary record."  (Mot, Doc. 13 at 3–4.)  Esoterix contends that its estimate of about $6.7 million in controversy is based on reasonably assumed violation rates.  (Opp., Doc. 18 at 5–20.)

To support its estimate of the amount in controversy, Esoterix provides the declaration of Bing Chun Lin, who serves as Esoterix's "Director of People Analytics." (Lin Decl., Doc. 1-1 ¶ 1–3.)  That declaration states that Esoterix employed 388 non-exempt employees in California who worked a total of 39,002 workweeks at an average hourly rate of $26.28.  (*Id.* ¶ 4.)

This information is a helpful starting point, but "[a]s seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court, violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires." *Toribio v. ITT Aerospace Controls LLC*, No. CV 19-5430-GW-JPRX, 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07089-JLS-MRW　　　　　　　　　　　　　　Date: December 06, 2023
Title:  Nayan Lal v. Esoterix, Inc. et al

    For purposes of this analysis, the Court will assume without deciding that the assumptions underlying Esoterix's estimates of its exposure on the waiting-time penalties and wage-statement penalties are reasonable.  Crediting Esoterix's estimates for those claims, they add up to about $1.6 million in damages.  (*See* Notice of Removal, Doc. 1 at 13 (chart).)

    However, Esoterix provides no evidentiary grounding for the violation rates it assumed when estimating its exposure for the overtime, minimum-wage, rest-break, and meal-break claims.  As mentioned, Esoterix assumed that each employee spent an hour waiting in line for covid temperature checks per week—or, 12 minutes at the start of each shift.  (Notice of Removal, Doc. 1 ¶¶ 30–31; Opp., Doc. 18 at 10–12.)  And it similarly assumed a 20% violation rate for the meal- and rest-break claims—*i.e.*, one missed meal and rest period per putative class member per week.  (Notice of Removal, Doc. 1 ¶¶ 35; Opp., Doc. 18 at 12–14.)  Esoterix does not provide any evidence for assuming that a temperature check took an average of 12 minutes to complete.  (*See* Opp., Doc. 18 at 10–12.)  And Esoterix bases its meal- and rest-period violation rates solely on the complaint's allegation that those violations were part of a "pattern and practice." (*Id.* at 12–14.)

    Esoterix notes that "this Court and other district courts have found that violation rates of 25% to 60% can be reasonably assumed based on 'pattern and practice' or 'policy and practice' language." (*Id.* at 13 (citing cases).)  While true, the Court has reconsidered that approach and finds that it leaves "something to be desired," specifically that it "allow[s] a defendant to translate vague 'pattern and practice' language in a complaint into a purportedly reasonable violation level without providing any evidence at all." *Cackin v. Ingersoll-Rand Indus. U.S., Inc.*, No. 8:20-cv-02281-JLS-JDE, 2021 WL 2222217, at *3 (C.D. Cal. June 2, 2021) (Staton, J.).  By deferring to a defendant's unsupported violation rates, the Court fails to ensure that the defendant has satisfied its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07089-JLS-MRW                                                Date: December 06, 2023
Title:  Nayan Lal v. Esoterix, Inc. et al

"burden to show by a preponderance of the *evidence*" that CAFA's amount-in-controversy requirement is met.  *Ibarra*, 775 F.3d at 1197 (emphasis added).

Having now engaged in this endeavor on multiple occasions, the Court has become convinced that the approach Esoterix urges—which amounts to little more than plucking a violation rate out of the air and calling it "reasonable"—is "a wasteful and silly, but routine, exercise in mathematical fantasyland."  *Toribio*, 2019 WL 4254935, at *3.  If one is going to assume a violation rate based on nothing more than language in a complaint referencing a "pattern and practice," then there is no basis for suggesting that a violation rate of 20% (once per week) is any more or less reasonable than a violation rate of 10% (once every two weeks) or 5% (once per month).  *See Vanegas v. DHL Express (USA), Inc*., No. CV 21-01538 PA (JCX), 2021 WL 1139743, at *3 (C.D. Cal. Mar. 24, 2021).  The Court agrees with the observation of the Honorable George Wu:

> Faced with a vague pleading, it seems to this Court that the much-more-sensible route would be to try to pin Plaintiff down, in state court (with no one-year time-limit staring Defendants in the face), with respect to what the Complaint's allegations actually mean with respect to violation rates. Perhaps Defendants do this by serving interrogatories or requests for admission, perhaps by deposition, perhaps by moving for a more definite statement. Perhaps they simply get Plaintiff to identify what the violation rates would be for Plaintiff, and then use that information as a sample to extrapolate out the calculation for the entire class.

*Toribio*, 2019 WL 4254935, at *3.  Ultimately, it is the defendant's burden to establish the amount-in controversy by a preponderance of the evidence, and Esoterix has failed to carry that burden here.[1]  *See id.* at *4

---

[1] Nor is the removal threshold met by adding an amount for attorneys' fees.  Even assuming that, as Esoterix argues, 25% of the amount in controversy is a reasonable estimate for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07089-JLS-MRW                              Date: December 06, 2023
Title:  Nayan Lal v. Esoterix, Inc. et al

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.  This action is REMANDED to the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCV15800.

Initials of Deputy Clerk: gga

---

attorneys' fees, it has not shown an amount in controversy that would cause attorneys' fees to nudge this case over the $5 million minimum.